UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**EDDIE LEE ANDERSON**

      **Plaintiff**

      v.                                  Civil Action No.  01-2228 (JGP)

**D.C. METROPOLITAN POLICE DEPARTMENT**
*et al.*

      **Defendants**

**MEMORANDUM**

The plaintiff filed this action concerning the alleged "theft and the destruction" of his property. The named defendants were the District of Columbia Metropolitan Police Department, the Chief of Police, and officers in the department. He seeks the return of his property, or damages. The defendants filed a Motion to Dismiss the Complaint in Lieu of An Answer Or in The Alternative, Motion for Summary Judgment [#24]. In the motion they contended that the D.C. Metropolitan Police Department is not a suable entity, that the individuals cannot be sued in their official capacity and are entitled to qualified immunity, and that the plaintiff's claims are barred by the statute of limitations. In response, the plaintiff filed an "Opposition to Defendants Request for Summary Judgment" [#33] and the case was thereafter reassigned to this Court. The Court filed a Memorandum Order on March 18, 2004, granting so much of the defendants' motion as sought dismissal of the District of Columbia Metropolitan Police Department as a party, but denying without prejudice the remainder of the motion [#34]. The Court also granted plaintiff leave to file an amended complaint naming the District of Columbia as a party on or before April 30, 2004. On March 14, 2005, the plaintiff filed a "Notice" [#38], in effect, asking the Court to rule on the pending complaint. When the plaintiff did not file an amended complaint naming the District of Columbia

as a party, the defendants filed a **Motion for Summary Judgment Or to Dismiss and Response to Plaintiff's Notice to The Court** [#39] on March 28, 2005. In response, the plaintiff filed a **Motion for Judgment on Facts Set Forth in This Motion for Summary Judgment** [#40]. The plaintiff thereafter filed a **Motion for Transcripts** [#42] requesting the transcripts of the criminal trial during which the property at issue here was introduced in support of the charges contained in a twenty-nine count indictment charging the defendant with violations of the Mann Act, 18 U.S.C. § 2421 (interstate transportation of females for prostitution) and 18 U.S.C. § 2423 (interstate transportation of minors for prostitution) as well as related crimes. The plaintiff was convicted of all counts except two charges. The history of the criminal case is set forth in *United States v. Anderson*, 618 F. Supp. 1335 (D.D.C. 1985), *affirmed,* 271 U.S. App. D.C. 129, 851 F.2d 384 (1988), *cert. denied*, 488 U.S. 1012, 109 S. Ct. 801 (1989). The above three motions are now before the Court.

Turning to the plaintiff's complaint, he states that, "[t]his suit is caused by the defendants' negligence (neglect) and their refusal and failure to follow and obey a court order to return said property; for violation of the Fourth Amendment, illegal forfeituring [sic] and seizing [sic]; violation of Due Process notification; denial of access and or use of said property, restiution [sic], abuse of process, physical and mental hardship, failure to properly train and supervise officer(s)." He refers to an alleged *oral* order by this Court during the criminal proceedings in December 1985. In his complaint he identifies the criminal case as Criminal No. 85-6173, however, that was the number of the case before the United States Court of Appeals. The correct number is Criminal No. 85-167.[1]

---

[1] The plaintiff filed a motion for return of property in Criminal No. 85-167, but that motion was held in abeyance pending the receipt of additional information by the Court. In the meantime, this civil action was filed.

*See* Memorandum Order filed on March 18, 2004.

Since the defendants' alleged violation of this Court's order in the criminal case forms the basis for the claim being made by the plaintiff, the Court will address that issue first.

## THE SUBJECT PROPERTY

The property that is the subject of this litigation was seized by federal agents in New Jersey and Nevada pursuant to search warrants in 1985. The property consisted of bank books, diaries of travel, clothing, photograph albums and jewelry. Prior to the criminal trial, the defendant filed a motion to suppress this evidence. The motion was denied after a hearing. *See United States v. Anderson*, 618 F. Supp. 1335 (D.D.C. 1985). At the trial the property was introduced and received as the instrumentalities, evidence of, and the proceeds of the crimes charged in the indictment. The diaries reflected the plaintiff's travels across the country with prostitutes and the photograph albums included pictures of prostitutes. The clothing included suits made for the defendant, some of which included the embroidered name, "Fast Eddie." All of this was received in evidence, and displayed to the jury during the trial and viewed by them at the time of their deliberations. After his conviction, the defendant appealed to the Court of Appeals. The Court of Appeals upheld his conviction and in doing so, addressed his contention that the government had violated his Fourth Amendment rights. *See United States v. Anderson*, 271 U.S. App. D.C. at 132-135, 851 F.2d at 387-390. As noted, the Supreme Court denied certiorari. After the trial and the appeal, the property was turned over to the Metropolitan Police Department.

As noted above, the Court granted so much of the defendant's first motion to dismiss or in the alternative for summary judgment as sought the dismissal of the Metropolitan Police Department. In doing so, the Court granted leave to the plaintiff to file an amended complaint naming the District

of Columbia as a defendant. The plaintiff failed to amend his complaint, the result being that the only defendants now before the Court are the named police officers.

The Court turns first to the plaintiff's Motion for Judgment Based on The Facts Set Forth in This Motion for Summary Judgment. The plaintiff offers no facts in support of his motion other than his contention that the Court, in the criminal case, entered an "oral" order that the property be returned to the plaintiff. This Court has no recollection of such an order. Moreover, the Court reviewed the docket sheet of the criminal case and has found nothing to support the plaintiff's claim. It is highly unlikely that the Court would have entered such an order for at least two reasons. The case was not at an end after the jury's verdict and sentencing since the plaintiff had a right to appeal his conviction, and in fact, did so. Moreover, the Court had ruled that the evidence which was properly seized and constituted the proceeds of a crime and was contraband. In short, the plaintiff has failed to state a claim entitling him to relief.

Before addressing the motion filed by the defendants, the Court briefly turns to the plaintiff's Motion for Transcripts. It does not appear that the transcripts are relevant in this case. No one disputes that the property was seized by law enforcement officers or that the property was introduced in evidence. This Court's decision that the property was the subject of lawful seizure under the Fourth Amendment to the Constitution was upheld by the Court of Appeals. The only portion of the transcript that would arguably be relevant is whether the Court ordered the defendants to return the property to the plaintiff. But the plaintiff has failed to submit anything in support of that claim and has not filed a statement under oath that there was such an oral order. Based upon the fact that the plaintiff has failed to offer support for his claim and the fact that the docket sheet fails to reflect such an order, the motion for transcripts is denied. The Court notes that this is a civil case, not a criminal

case, and the plaintiff is not entitled to receive free transcripts of the criminal trial.

Turning to the defendants' motion, the Court concludes that the motion should be granted. The defendants argue that the case should be dismissed because the Court "ordered" the plaintiff to file an amended complaint on or before April 30, 2004 and he failed to do so. Actually, the Court did not order the plaintiff to file an amended complaint; rather, it granted leave to the plaintiff to file an amended complaint naming the District of Columbia as a party. The fact that the plaintiff did not amend his complaint naming the District of Columbia is not, standing alone, grounds for dismissal. It only means that the plaintiff must rely on the original complaint. Briefly, even if the plaintiff had joined the District of Columbia, he faced other obstacles. In order to sue the District of Columbia for unliquidated damages, he must have complied with D.C. Code § 12-309. That section provides:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

It appears that the plaintiff had knowledge of this provision because he attempted to provide notice to the Mayor in a letter which merely states: "Mayor Anthony Williams: Notice of Intent, I am hereby serving notice pursuant to D.C. Code §12-309 against the District of Columbia for unliquidated damages for the here attach [sic] reason." The plaintiff did not attach a copy of his notice to his complaint; rather, it was attached to the defendants' Motion to Dismiss the Complaint in Lieu of An Answer Or in The Alternative, Motion for Summary Judgment [#24, Ex. 2]. The notice refers to "the attached reason" but nothing is attached to the notice. Comparing §12-309 to the letter the plaintiff wrote to Mayor Williams, it is quite clear that the plaintiff has not complied

with the statute. The statute requires information as to the time of the loss, the place, the cause and the circumstances. The plaintiff states that he was released from incarceration in April 1991. The notice of intent is stamped received by the Mayor's office on October 11, 2001, almost ten years after the defendant's release from prison. Thus the plaintiff has not complied with the six months requirement. Moreover, D.C. Code § 12-301(2) provides that an action "for the recovery of personal property or damages for its unlawful detention" must be filed within three years. Counting from the date of plaintiff's release from prison to his filing of the instant complaint, more than ten years have elapsed. All of the above demonstrates that this action is untimely. So, the plaintiff could not sue the District of Columbia.

The same is true of his action against individual members of the Metropolitan Police Department. The action is untimely. Furthermore, a review of the complaint reflects that the plaintiff fails to state a claim against the officers. He does not identify the alleged actions of the officers and how they are liable. Although the defendants have raised other grounds in support of their motion, it is not necessary to address them in view of the above ruling.

In sum, the defendants are entitled to summary judgment and to have the complaint dismissed with prejudice.

An appropriate order has been entered.


**DATE:  March 15, 2006**

                                                                **JOHN GARRETT PENN**
                                                                **United States District Judge**